IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVERNE DAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>D.K. LEET #9073, J.P. PUTROW #4729, and the CITY OF CHICAGO,<br><br>   Defendants. | FILED: APRIL 15, 2009<br>09CV2306<br>JUDGE GRADY<br>MAGISTRATE JUDGE ASHMAN<br>No. AO<br><br>Judge<br>Magistrate Judge |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit D.K. LEET #9073, J.P. PUTROW #4729 (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.   PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

5. On or about June 14, 2008, at approximately 10:50 a.m., at or about 2701 S. Indiana Avenue, Chicago, Illinois 60616, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of he DEFENDANT OFFICERS, arrested and charged the PLAINTIFF with violations of 8-20-040 (Registration of Firearms), 430 ILCS 65.0/2-A-1 (Firearm without valid FOID card), 430 ILCS 65.0/2-A-2 (Possession of Ammunition without a valid FOID card), and 720 ILCS 5.0/24-1.1-A (Unlawful Posession of a Weapon by a Felon), not withstanding the fact that on June 14, 2008 the PLAINTIFF had not committed a violation of 8-20-040 (Registration of Firearms), 430 ILCS 65.0/2-A-1 (Firearm without valid FOID card), 430 ILCS 65.0/2-A-2 (Possession of Ammunition without a valid FOID card), and 720 ILCS 5.0/24-1.1-A (Unlawful Posession of a Weapon by a Felon). This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about June 14, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent

the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

8. On June 14, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

9. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

10. On or about June 14, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

11. Upon information and belief, D.K. LEET #9073, on June 14, 2008, came into physical contact with PLAINTIFF.

12. Upon information and belief, J.P. PUTROW #4729, on June 14, 2008, came into physical contact with PLAINTIFF.

**CONSPIRACY**

13. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

    c. generating false documentation to cover-up for their own and each other's misconduct.

14. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about June 14, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## **COUNT I**
## **§1983 False Arrest**

15. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

16. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

17. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

    WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT II**
**False Arrest –State Claim**

18. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

19. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

20. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT III**
**Malicious Prosecution - State Claim**

21. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

22. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

23. The DEFENDANT OFFICERS engaged in this effort without probable cause.

24. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

25. The underlying criminal charges were resolved in a manner indicative of innocence.

26. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

27. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

28. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Conspiracy Claim – State Law

29. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

30. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

31. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

32. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

33. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

34. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

35. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

36. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza

20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076